**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| DERRICK ARMSTRONG,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA DISTRICT ATTORNEY OFFICE, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 2:19-cv-00706–RFB–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] and COMPLAINT [ECF NO. 1-1] |

　　　　Before the Court is Plaintiff Darrick Armstrong's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed and Armstrong's application to proceed *in forma pauperis* (ECF No. 1) should be denied as moot.

　　　　Armstrong has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1 at 1). Armstrong alleges that "Metro Police Officers entered [his] residence with…no probable cause or a search warrant and as the result of that [he] was incarcerated for ten years." (*Id.* at 6).

　　　　"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment…a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal…declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

　　　　Attached to Armstrong's complaint is a Nevada Supreme Court Order of Reversal and Remand holding that "the district court erred in denying Armstrong's motion to suppress evidence without

1

conducting an evidentiary hearing" in his underlying criminal case. (ECF No. 1-1 at 13-17). However, the district court subsequently conducted an evidentiary hearing, and the Nevada Supreme Court affirmed Armstrong's conviction based on the findings made at the evidentiary hearing. *Armstrong v. State*, 128 Nev. 879, 381 P.3d 590 (Table) (2012). The Nevada Court of Appeals also affirmed Armstrong's conviction after Armstrong raised an ineffective assistance of counsel argument on appeal. *Armstrong v. State*, No. 69898, 2017 WL 2200719 (Nev. App. May 17, 2017). Armstrong's conviction has been upheld on appeal and is still in effect. Therefore, he cannot bring a § 1983 claim based on his criminal conviction.

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED and Armstrong's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS SO RECOMMENDED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 3rd day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE