1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7

DERRICK A. ARMSTRONG,

Case No. 2:19-cv-00706-RFB-VCF

8

Plaintiff,

**ORDER**

9

v.

10
11
12
13
14
15

STATE OF NEVADA DISTRICT
ATTORNEY OFFICE; LVMPD; ASHFORD
MANORS APARTMENTS; MARK G
HARDING; GREGORY B DAMARIN;
ANTON GROSS; TAVION SAZOR;
CAMERON; JAMES GUSTAN; JERRY
GOODWIN; ANDRE BATES; JOHN MOSS;
LESLIE LORETTO; KELLEN BRESCIA;
ROCHELLE NELSON; KIMBERLY
WEINRAUCH; SCOTT MAJEWSKI,

16

Defendants.

17
18
19
20
21
22
23
24
25

Before the Court is Plaintiff Derrick A. Armstrong's ("Plaintiff") Motion for Leave to
Proceed in forma pauperis. ECF No. 1.Pursuant to the Court's obligation to screen complaints filed
by plaintiffs who proceed in forma pauperis, Magistrate Judge Ferenbach issued a report and
recommendation ("R&R") that the case be dismissed and the application for leave to proceed in
forma pauperis be denied as moot. ECF No. 3; 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff timely filed
an objection to the R&R. ECF No.4. For the following reasons, the Court upholds the R&R and
dismisses the complaint.

26
27
28

A district court "may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific
written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1);

Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

In this case, Plaintiff brought a claim under 42 U.S.C. §1983. Plaintiff alleges that members of the Las Vegas Metropolitan Police Department conducted a warrantless search of his apartment without probable cause that resulted in his incarceration. He asserts violations of his constitutional rights under the Fourth Amendment and seeks monetary damages.  Plaintiff attaches to his complaint an order from the Nevada Supreme Court. In the order, the Nevada Supreme Court concluded that the district court erred in failing to hold an evidentiary hearing on the question of whether a third-party, Heather Hildebrand, had actual or apparent authority to  consent to police officers' search of Plaintiff's home. The Nevada Supreme Court subsequently reversed the conviction and remanded the matter for further proceedings.

However, as Judge Ferenbach explains in his R&R, the district court subsequently conducted an evidentiary hearing, and the Nevada Supreme Court affirmed Armstrong's conviction based on the findings made at the evidentiary hearing. Armstrong v. State, 381 P.3d 590 (Table) (Nev. 2012). The Nevada Court of Appeals also affirmed Armstrong's conviction after Armstrong raised an ineffective assistance of counsel argument on appeal. Armstrong v. State, No. 69898, 2017 WL 2200719 (Nev. App. May 17, 2017). Armstrong's conviction has been upheld on appeal and is therefore still in effect.

In order to recover monetary damages under a §1983 claim, as Plaintiff here seeks, he must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by federal court's issuance of writ of habeas corpus. Heck v. Humphrey, 512

U.S. 477, 486 – 87 (1994).  Heck therefore bars Plaintiff's claim as there is a valid criminal conviction against him.

In his objection, Plaintiff attaches an order from the Nevada Supreme Court dated March 30, 2010. The order addressed Plaintiff's motion for clarification regarding its order to reverse and remand the conviction. The Nevada Supreme Court construed Plaintiff's motion as a petition for rehearing and denied the petition, confirming that "because the judgment of conviction is the judgment from which this appeal was taken, [the Nevada Supreme Court's] reversal was of the judgment of conviction." ECF No. 4, Pl.'s Objection at 5.

Plaintiff's objection does not change the analysis. The district court reentered the original conviction after holding the evidentiary hearing, and the Nevada Court of Appeals has also subsequently upheld the conviction. Because Plaintiff's § 1983 claim necessarily seeks to implicate the constitutional validity of an outstanding conviction it is barred. See Roberts v. City of Fairbanks, 947 F.3d 1191, 1198 (9th Cir. 2020)(confirming that Heck bars a claim that implicates the validity of an outstanding criminal judgment).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 3) is adopted in full. This case is DISMISSED and Plaintiff's application to proceed in forma pauperis is DENIED as moot.

The Clerk of the Court is instructed to close the case.


DATED: May 1, 2020.


_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**